JOHN M. ADAMS, APPELLANT, V. ANDREW O. ANDERSON ET
AL., APPELLEES.

FILED MARCH 28, 1913. No. 17,129.

Justice of the Peace: CHANGE OF VENUE: STATUTORY PROVISIONS. Sec-
tions 958 and 958a of the code, as amended by the legislative
session of 1905, have not changed the rule announced in *Martin
v. Mershon*, 3 Neb. (Unof.) 174, that "an order of a justice of the
peace, granting a change of venue, made on an *ex parte* hearing
and before the return day of the summons, is void."

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed.*

*Claude S. Wilson*, for appellant.

*O. B. Polk, contra.*

BARNES, J.

Action to cancel a judgment rendered against the plain-
tiff in justice court of one Joseph Devine, a justice of the
peace of Lancaster county, and to enjoin its collection. A
demurrer to the petition was sustained; plaintiff stood
upon his petition, refused to further plead, and his action
was dismissed. From that judgment plaintiff has ap-
pealed.

It is conceded that the only question presented by the
record is: Has a justice of the peace the right or author-
ity to order a change of venue, in a case commenced in
his court, before the return day of the summons, on the
application of the defendant, in the absence of and with-
out notice to the plaintiff. Plaintiff's petition alleged, in
substance, that on the 1st day of August, 1910, the de-
fendant Anderson commenced the suit in the justice court
of Joseph Devine, a justice of the peace of Lancaster
county, against plaintiff, to recover the sum of $14; that
a summons was issued, returnable August 12, 1910, at
2 o'clock P. M., which was duly served upon the plaintiff
herein; that on August 9, 1910, some three days before

return day of the summons, the plaintiff in this case, who was the defendant in that action, filed an affidavit with the justice asking for a change of venue; that on the 11th day of August the justice, at plaintiff's request, in the absence of and without notice to the plaintiff in that action, ordered a change of venue; that before the return day the justice of the peace delivered to the plaintiff a transcript transferring the action to the justice court of one Stevens, and delivered the transcript, together with the files in his office, to the plaintiff; that plaintiff thereupon filed the transcript in Justice Stevens' court, and the cause was set for hearing at 2 o'clock P. M. of August 12, 1910; that on the return day of the summons, at 2 o'clock P. M., Anderson, the plaintiff in the action, with his attorney, appeared in Justice Devine's court, and on his application the order for a change of venue was set aside, and thereupon Anderson filed a substituted bill of particulars, and demanded judgment against this plaintiff. A jury was impaneled, and a trial was had, which resulted in a verdict and judgment in favor of Anderson and against the plaintiff herein; that more than 10 days thereafter Justice Devine issued an execution to the defendant Peck, as constable, commanding him to collect said judgment, and on the 12th day of September, 1910, plaintiff filed his petition in this case, to which the demurrer above mentioned was sustained, and, as above stated, the action dismissed.

It is conceded by counsel for the plaintiff that a question like the one here presented was determined by this court in the case of *Martin v. Mershon*, 3 Neb. (Unof.) 174, and, but for the amendment of 1905 to sections 958 and 958*a* of the code, that judgment would be decisive of this case. It is contended, however, that by the amendment in question a justice of the peace is given authority, in plaintiff's absence, and without notice to him, to order a change of venue, on the application of the defendant, before the return day of the summons, and therefore *Martin v. Mershon, supra,* is not in point.

30

We think plaintiff is mistaken in this contention. The amendment of 1905 (sec. 958) provides: "If the *application* for such change be made by the defendant on or before the return day of the said cause, the defendant shall be required only to pay the costs of the justice for making the transcript and certificate and also the docketing and filing fees of the other justice; and all other costs in the case shall abide the result of the suit and shall not be demanded on granting a change of venue." As the law stood before those sections were amended, it had sometimes occurred that the plaintiff in an action, in order to prevent a change of venue, had subpoenaed a large number of witnesses to appear before the justice on return day, and in such case the defendant, in order to obtain a change of venue, was required to pay the fees of the plaintiff's witnesses. It seems quite clear to us that the only purpose of the amendment was to prevent the plaintiff from imposing such a hardship upon the defendant in order to prevent him from obtaining a change of venue. There is nothing in the sections, as amended, which in terms authorizes the justice to make an order granting a change of venue, in the absence of plaintiff, and without notice to him before the return day of the summons. It is argued, however, that, if the order for the change of venue was void because it was prematurely made, the justice should have considered the application, and granted the change on the return day of the summons. It was alleged in plaintiff's petition, however, that before the return day he had taken the files in the case, with his application for a change of venue, and transferred them to Justice Stevens' court. Therefore the application was not before Justice Devine on the return day of the summons, and he was not required to consider it.

We are of opinion that, notwithstanding the amendment above mentioned, this case is ruled by *Martin v. Mershon, supra;* and the judgment of the district court is

AFFIRMED.

REESE, C. J., ROSE and FAWCETT, JJ., concur.

LETTON, SEDGWICK and HAMER, JJ., not sitting.